Order Entered.

*Patrick M. Flatley*
Patrick M. Flatley
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| GEOSTELLAR, INC., | ) | Case No. 18-bk-45 |
| | ) | |
| Debtor. | ) | Chapter 7 |
| | ) | |
| | ) | |
| MARTIN P. SHEEHAN, Trustee of the | ) | |
| Bankruptcy Estate of Geostellar, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary No. 19-ap-24 |
| | ) | |
| DAVID A. LEVINE and | ) | |
| INDECO UNION, a Delaware Corp., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OPINION**

David A. Levine and Indeco Union (collectively, the "Defendants") seek the dismissal of the adversary complaint filed against them by Martin P. Sheehan, the Chapter 7 trustee administering the bankruptcy estate of Geostellar, Inc (the "Debtor"). The Defendants contend that the court should dismiss the trustee's complaint based upon either the arbitration clause and forum selection clause contained in Mr. Levine's July 28, 2016 Employment Agreement and related Assignment of Inventions Agreement, respectively, or because the trustee fails to state a claim upon which the court can grant relief. The trustee asserts that the arbitration clause in the Employment Agreement only pertains, if at all, to his claim for a breach of contract.[1] Otherwise,

---

[1] According to the trustee, none of his claims arise under or relate to the Assignment of Inventions Agreement, which sends to Delaware claims arising under that agreement, such that his claims can proceed in this forum.

1

the trustee contends that his complaint adequately states causes of action for fraud, breach of fiduciary duties, and civil conspiracy.

For the reasons stated herein, the court will enter a separate order holding the Defendants' motion to dismiss in abeyance and until after the February 21, 2020 deadline for filing proofs of claim against Mr. Levine's Chapter 13 bankruptcy estate.[2]

## I. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure ("Rule") 12(b)(6), a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); Fed. R. Bankr. P. 7012(b) (incorporating Rule 12(b)(6)). To survive a Rule 12(b)(6) motion, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bonds v. Leavitt*, 629 F.3d 369, 385 (4th Cir. 2011) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]he complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). As the Fourth Circuit has explained, the plausibility standard requires a plaintiff "to articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief, i.e., the 'plausibility' of 'entitlement to relief.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 557). Finally, when courts evaluate a motion to dismiss, they are to (1) construe the complaint in a light favorable to the plaintiff, (2) take factual allegations as true, and (3) draw all reasonable inferences in favor of the plaintiff. 5C Charles Wright & Arthur Miller, Federal Practice and Procedure § 1357 (3d. ed. 2012) (collecting thousands of cases). The court's role in ruling on a motion to dismiss is not to weigh the evidence, but to analyze the legal feasibility of the complaint. *See Cooper v. Parsky*, 140 F.3d 433, 440 (2d Cir. 1998). In fact, the court is "limited to considering the sufficiency of allegations set forth in the complaint and the 'documents attached or incorporated into the complaint.'" *Zak v. Chelsea Therapeutics Int'l Ltd.*, 780 F.3d 597, 607 (4th Cir. 2015) (citing *E.I. du Pont de Nemours & Co. v. Kolon Indus Inc.*, 637 F.3d 435, 448 (4th Cir. 2011)).

---

[2] The trustee names Indeco Union as a defendant, and specifically alleges that it engaged in a civil conspiracy with Mr. Levine, and perhaps others, resulting in Geostellar's failure. The court, however, perceives Indeco Union and Mr. Levine to be a united interest, at least for purposes of this adversary proceeding, based upon the specific facts alleged by the trustee. The court, therefore, will analyze the extant motion to dismiss simply as between Mr. Levine and the trustee.

Generally, "courts are limited to considering the sufficiency of allegations set forth in the complaint and the documents attached or incorporated to the complaint." *Zak*, 780 F.3d at 606 (internal citations omitted). If a document is "integral to and explicitly relied on in the complaint" and there are no questions as to the authenticity of that document, then a court may consider the document as it has effectively been incorporated to the complaint. *Phillips v. LCI Intern., Inc.*, 190 F.3d 609, 618 (4th Cir. 1999).

## II. BACKGROUND

The Debtor's business was to provide a marketplace pairing consumers interested in transitioning to solar energy with necessary information, including vendors, installers, and lenders engaged in financing such transitions. The Debtor purportedly created proprietary software to aid its business development in that regard. Notably, however, the business was not profitable prepetition, but the Debtor hoped to generate sufficient revenue to raise capital or otherwise grow its business and reach long-term profitability. At all times material to the Debtor's complaint, David A. Levine was its Chief Executive Officer and, before January 24, 2018, a member of its Board of Directors.

According to the trustee, the Employment Agreement between the Debtor and Mr. Levine bound him in certain respects. Despite that, the trustee avers that Mr. Levine took steps unilaterally to change the focus of Geostellar's business in dereliction of his duties under the Employment Agreement and otherwise as officer and director of the Debtor. The trustee generally alleges that Indeco Union was an instrumentality employed by Mr. Levine to facilitate his malfeasance in that regard.[3]

On May 20, 2019, the trustee filed his complaint seeking certain damages based upon the various causes of action alleged against Mr. Levine. The parties completed the briefing regarding the Defendants' motion to dismiss in September 2019, and the court took the matter under advisement. Notably, Mr. Levine and his wife filed a Chapter 13 voluntary petition on December 13, 2019—while the extant motion to dismiss was pending. Proofs of claim in Mr. Levine's

---

[3] Aside from the allegation that Indeco Union, which Mr. Levine purportedly formed and controls, "continued to conspire with David A. Levine to defraud Geostellar, Inc.," the court does not perceive any alleged affirmative acts by Indeco Union that would require it to defend separately from the trustee's complaint against Mr. Levine. The court, therefore, will resolve the motion to dismiss based upon the allegations against Mr. Levine and reserve for further development what impact Mr. Levine's use of Indeco Union may have upon the trustee's anticipated recovery.

individual case are due by February 21, 2020. Notably, Mr. Levine did not identify the trustee as a creditor of his bankruptcy estate, but he did include this adversary proceeding on his Statement of Financial Affairs, which he filed on January 7, 2020.

### III. ANALYSIS

The Defendants assert two bases upon which it contends the court should dismiss the trustee's complaint. First, they contend that the trustee's claims are subject to the arbitration clause in Mr. Levine's employment contract such that the claims cannot proceed here. They also contend that the trustee otherwise fails to state a claim upon which the court can grant relief such that the court should dismiss the complaint under Rule 12(b)(6). In support of their first argument, the Defendants rely on the following language from the Mr. Levine's Employment Agreement with the Debtor:

> To ensure the rapid and economical resolution of disputes that may arise in connection with the Executive's employment with the Company, the Executive and the Company agree that any and all disputes, claims, or causes of action, in law or equity, arising from or relating to the . . . interpretation of this Agreement, the Executive's employment, or the termination of the Executive's employment, shall be resolved, to the fullest extent permitted by law, by final, binding and confidential arbitration . . . .

Employment Agreement, ¶ 7.11; Compl. Ex. A. In the alternative, the Defendants contend that the trustee otherwise fails to state a claim upon which the court can grant relief. In that regard, the Defendants generally assert that the trustee makes conclusory allegations without pleading sufficient factual detail to support his respective claims.

The trustee contends that his complaint should survive the motion to dismiss because, at most, the arbitration clause in the Employment Agreement pertains to only his claim for a breach of contract. He asserts that his claims for fraud, breach of fiduciary duty, and civil conspiracy are not claims of the kind identified in the arbitration clause. Additionally, the trustee argues that the court possesses the discretion to refuse to enforce the arbitration clause because Mr. Levine filed a claim against the bankruptcy estate; specifically, because his claim against Mr. Levine "may be" a counterclaim to Mr. Levine's claim and thus "core" under 28 U.S.C. § 157(b)(2)(C). To support his contention in that regard, the trustee relies upon the Fourth Circuit's *per curiam* opinion in *Moses v. CashCall, Inc.*, 781 F.3d 63 (4th Cir. 2015). Regarding his other claims, the trustee contends that he adequately states causes of action upon which the court can grant relief.

"To be sure, the arbitration policies implemented by the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-14, are to be robustly followed." *Moses*, 781 F.3d at 71 (citation omitted). If one or more of the trustee's claims are subject to arbitration, the court must "stay a determination of the merits of the present adversary proceeding, apparently including Defendants' Rule 12(b)(6) motion to dismiss." *Little v. Career Educ. Corp. (In re Little)*, Adv. Proc. No. 19-80041-JW, 2020 WL 211467, at *3 (Bankr. D.S.C. Jan. 3, 2020) (citing § 3 of the FAA, which requires the court to "stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement . . . ."). "Therefore, . . . the Court must first determine if the claim is subject to arbitration before addressing any issue on the merits of the claim, including Defendants' Rule 12(b)(6) motion to dismiss." *Id*. (citing *Peabody Holding Co., LLC v. United Mine Workers of Am., Int'l Union*, 665 F.3d 96, 104 (4th Cir. 2012) and *McLean v. U.S.*, 566 F.3d 391, 398 (4th Cir. 2009) ("Courts have held that, unless otherwise specified, a dismissal for failure to state a claim under Rule 12(b)(6) is presumed to be both a judgment on the merits and to be rendered with prejudice.")).

As the Fourth Circuit recognized in *CashCall*,

> where tension arises between the FAA and another statute [like the Bankruptcy Code], the Supreme Court has provided a framework for resolving it, holding that the party seeking to prevent enforcement of an applicable arbitration agreement must show that "Congress has evinced an intention to preclude a waiver of judicial remedies for the statutory rights at issue."

781 F.3d at 71 (quoting *Green Tree Fin. Corp. v. Randolph*, 531 U.S. 79, 90 (2000). "That intent must deducible from (1) the statute's text; (2) its legislative history; or (3) 'an inherent conflict between arbitration and the statute's underlying purpose.'" *Id*. (quoting *Shearson/Am. Express, Inc. v. McMahon*, 482 U.S. 220, 227 (1987). "Where such an intent can be deduced, the court of first impression has *discretion* to decide whether to withhold arbitration, a decision that is subject to review for abuse of that discretion." *Id*. (citation omitted).

In determining whether to compel arbitration in bankruptcy, "[t]he core/non-core distinction . . . is not mechanically dispositive in deciding whether a bankruptcy judge may refuse to send a claim to arbitration." *Id*. (citation omitted). "Instead, what matters fundamentally is whether compelling arbitration for a claim would inherently undermine the Bankruptcy Code's animating purpose of facilitating the efficient reorganization of an estate through the 'centralization of disputes concerning a debtor's legal obligations . . . ." *Id*. at 83 (quoting *Phillips*

5

*v. Congelton, LLC (In re White Mountain Mining Co.)*, 403 F.3d 164, 170 (4th Cir. 2005)). At bottom, however, "[a] bankruptcy judge's discretion to deny arbitration of non-core matters is . . . necessarily narrow." *Id*. at 84. Such discretion must be supported with "more than a finding that arbitration would potentially conflict with the purposes of the Bankruptcy Code. Rather, the conflict must be inherent and 'sufficient to override by implication the presumption in favor of arbitration.'" *Id*. at 88 (citing *U.S. Lines, Inc. v. Am. Steamship Owners Mut. Prot. & Indemnity Ass'n (In re U.S. Lines)*, 197 F.3d 631, 640 (2nd Cir. 1999)).

Considering the parties respective arguments in light of the foregoing, the court finds it appropriate to deny the Defendants' motion to dismiss but enter an order compelling the extant dispute among the parties to arbitration. First, the court finds that the subject arbitration clause pertains to all of the trustee's causes of action. Specifically, it encompasses "any and all disputes . . . arising from or relating to . . . the Executive's employment." Despite the trustee's argument to the contrary, the court perceives that to include causes of action based upon Mr. Levine's alleged misconduct as the Debtor's CEO. To the extent that the trustee contends that his actions against Mr. Levine as director, as opposed to CEO, are not subject to arbitration, the court is likewise unpersuaded.

From the court's perspective, despite Mr. Levine purportedly being CEO and a director, the trustee's complaint centers almost exclusively around conduct Mr. Levine likely undertook in his role as CEO. For example, the trustee makes the following contentions, among others: that Mr. Levine (1) "caused employees of the engineering department of Geostellar, Inc., to curtail work related to the development of a solar energy marketplace and instead to cause those employees to begin working on the development of a cryptocurrency;" (2) "caused the filing of a Form C, as required by 17 C.F.R. § 227.100, et seq., with the Securities and Exchange Commission in connection with efforts to obtain Crowdfunding for Geostellar, Inc.;" (3) made a presentation "to the Board of Directors of Geostellar, Inc., . . . concerning the development of the cryptocurrency to be known as Zydeco;" (4) "appropriated the business plan of Geostellar, Inc., for competing companies which he had create;" (5) "did not accept direction from the Board of Directors;" and (6) "directed that the proprietary software developed by Geostellar, Inc., . . . be converted to 'open source' software." The trustee only incidentally alleges failures of Mr. Levine as director, for instance by referencing his breach of "other fiduciary duties." The claims, if any, against Mr. Levine as director are so inexorably linked to his conduct as CEO, the court finds all

of the claims subject to arbitration. Moreover, the court perceives judicial economy to be best served by compelling all claims to arbitration.

Regarding the trustee's argument that his claims are "core" such that the court should exercise its discretion to deny compelling arbitration, the court is not persuaded. Specifically, it is true that Mr. Levine filed a claim against the bankruptcy estate for wages, but the trustee's claims against Mr. Levine cannot be construed as a counterclaim thereto. Notably, to the court's knowledge, the trustee does not object to Mr. Levine's proof of claim for wages. Rather, the trustee simply brings this action alleging breach of contract, fraud, breach of fiduciary duty, and civil conspiracy. The court perceives those actions to be simply ancillary to the Debtor's bankruptcy and thus "non-core." Importantly, nothing alleged by the trustee implicates a provision of the Bankruptcy Code, the related rules, or this court's administration of bankruptcy. The court, therefore, in following the teaching of *Moses* believes it has no discretion to withhold arbitration.

That concludes the court's present analysis. As the court recounted above, however, Mr. Levine and his wife filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. The trustee's claim here is at least nominally a claim against Mr. Levine's Chapter 13 bankruptcy estate. The trustee has not yet filed such a claim in Mr. Levine's Chapter 13 case, but he has until February 21, 2020, to do so. However, it is possible that the filing of a proof of claim by the trustee may affect the court's ultimate analysis regarding the enforcement of the arbitration clause in the Employment Agreement. *See Stern v. Marshall*, 564 U.S. 462, 479-80 (2011). The impact of Mr. Levine's bankruptcy is something the parties have not had the opportunity to address in this proceeding, if they are aware of it at all.

### IV. CONCLUSION

Based upon the foregoing, the court finds it appropriate to hold the Defendants' motion to dismiss in abeyance and conduct a status conference after the February 21 deadline by which the trustee may file a claim against Mr. Levine's Chapter 13 bankruptcy estate. At the hearing, the parties should be prepared to address what impact, if any, Mr. Levine's bankruptcy case should have on the court's analysis and an anticipated schedule for supplemental briefing in that regard.

7