IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| IN RE: GEOSTELLAR, INC. | BK. NO. 3:18-BK-0045 |
| MARTING P. SHEEHAN, Trustee of the Bankruptcy Estate of Geostellar, Inc., | Civil No. 3:19-ap-00024 |
| Plaintiff, v. | |
| DAVID A. LEVINE, and INDECO UNION, a Delaware Corporation, | |
| Defendants. | |

### DEFENDANTS' SUPPLMENTAL BRIEF IN FURTHER SUPPORT OF MOTION TO DISMISS AND STRIKE

Defendants David A. Levine, and Indeco Union (collectively, "Defendants") filed the underlying Motion to Dismiss because the claims brought against them by Plaintiff Geostellar, Inc. ("Plaintiff"), were barred by an arbitration clause Plaintiff signed and that most of these claims failed to state a claim upon which relief could be granted.[1] While this motion was pending, Mr. Levine filed for bankruptcy in this Court (the "Levine Bankruptcy").

On February 7, 2020, the Court issued a memorandum opinion on the motion to dismiss. (Mem. Op. (Dkt. 14).) After reviewing the relevant law, the Court concluded that Plaintiff's claims should be submitted to arbitration. (*Id.* at 6.) The Court found that "that the subject arbitration clause pertains to all of the trustee's causes of action." (*Id.*) The Court also "perceive[d] judicial economy to be best served by compelling all claims to arbitration." (*Id.* at 7.) Finally, the Court rejected Plaintiff's "argument that his claims are 'core,'" finding these "actions to be simply ancillary to the Debtor's bankruptcy and thus 'non-core.'" (*Id.*) As a result, the Court concluded

---

[1] Defendant's motion also noted that some of Plaintiff's allegations alleged harm to third parties that Plaintiff lacked standing to assert.

1

that "in following the teaching of *Moses*[ *v. CashCall, Inc.*, 781 F.3d 63 (4th Cir. 2015)] . . . it has no discretion to withhold arbitration." (*Id.*)  However, the Court went on to state that it was "possible that the filing of a proof of claim [in the Levine Bankruptcy] by the trustee may affect the court's ultimate analysis regarding" arbitration. (*Id.*)  Because the parties had not yet addressed this issue, the Court placed the motion to dismiss in abeyance pending a hearing that would be held after the February 21 deadline for Plaintiff to file such a claim. (*Id.*)

Thereafter, Plaintiff filed several claims in the Levine Bankruptcy.  At the March 10, 2020 hearing, the Court ordered the parties to file supplemental briefs addressing what, if any, effect Plaintiff's claims in the Levine Bankruptcy might have on the application of *Moses*.

The short answer to the Court's question is, "No effect at all."  Under the governing law, Plaintiff's claims are clearly arbitrable, and Plaintiff's filing of similar claims in the Levine Bankruptcy do not somehow render the claims *in this case* core to that separate action.  Nor can speculation regarding what might happen in the Levine Bankruptcy even come close to satisfying the high standard the Fourth Circuit has imposed for avoiding arbitration of non-core claims.

## ARGUMENT

The Levine Bankruptcy does not change the fact that Fourth Circuit and Supreme Court precedent requires Plaintiff's claims to be arbitrated.  To recap, the Fourth Circuit has held that bankruptcy courts generally many not deny arbitration of related claims unless those claims are constitutionally core.  *Moses*, 781 F.3d at 71 (per curiam).  "[W]hen a bankruptcy court is faced with a claim that is *statutorily* core but *constitutionally* non-core . . . it must treat the claim as if it were statutorily non-core." *Id.* at 70 (citing *Stern v. Marshall*, 564 U.S. 462 (2011)).  A claim or counterclaim is not constitutionally core if it is a claim "'which, from its nature, is the subject of a suit at the common law, or in equity, or admiralty.'"  *Stern*, 564 U.S. at 488 (quoting *Murray's*

*Lessee v. Hoboken Land & Improvement Co.*, 59 U.S. 272, 284 (1856)). For example, in *Stern*, the Supreme Court held that the counterclaim before it was not a core claim because it was "one under state common law between two private parties." *Id.* at 493.

### I. The Levine Bankruptcy Does Not Alter the Fact that Plaintiffs' Claims Are Not Core to this Case

As an initial matter, all of Plaintiff's claims are indisputably claims "under state common law between two private parties." *Id.* As a result, these claims are constitutionally non-core and must also be treated "as if [they] were statutorily non-core" for purposes of arbitrability. *Moses*, 781 F.3d at 70. Indeed, Plaintiff's own Complaint admits that "[t]his is a non-core proceeding" (Compl. 2 ¶ 7), even if Plaintiff now seeks to deny this reality. The Court has also recognized that Plaintiff's claims are "simply ancillary to [Plaintiff's] bankruptcy and thus 'non-core.'" (Mem. Op. 7.) Thus, it is clear that these claims are not core to this case.

At the March 10, 2020 hearing, questions were raised about whether the claims in this case are now part of the claims allowance process in the Levine Bankruptcy. However, it must be kept in mind that there are ***two*** distinct (if similar) sets of claims in two different cases: (1) Plaintiff's adversary claims in the present case, which the present motion seeks to arbitrate; and (2) Plaintiff's proof of claim in the Levine Bankruptcy, where the question of arbitration has not yet arisen. The adversary claims *in this case* are not part of the Levine Bankruptcy, and there is no law indicating that the filing of related claims in that case can somehow make the claims in this case core to the other case.

The claims allowance process is set forth by statute as follows: "A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7

3

of this title, objects." 11 U.S.C § 502(a).  Notably, there is nothing in this statute that would cause it to encompass claims filed in *a different case*, even if those claims resemble those filed in the bankruptcy proceeding.  Nor have Defendants been able to find any cases holding that a claim filed in one case was core to the defendant's bankruptcy case simply because similar claims were filed in the latter.  This result should be unsurprising: If a lawsuit brought against a financially troubled party could be thereby transformed into a core bankruptcy proceeding simply by the defendant filing for bankruptcy, the potential for gamesmanship would be great indeed.[2]

Here, the present motion concerns the claims brought by Plaintiff *in this action*, not the similar proof of claim that Plaintiff filed in the Levine Bankruptcy.  While the claims in the Levine Bankruptcy may be part of that case's claims allowance process, Plaintiff's filings *in this case* are not.  Because the claims in this case were not filed as a proof of claim, but merely resemble separate proofs of claim that were filed in a different action, they are not core proceedings.

Plaintiff's claims in this case are not core to the Levine Bankruptcy because they are not part of that case (even if Plaintiff has filed similar claims there).  Plaintiff's claims in this case are also not core to this case because they are not part of a core proceeding in this case.  (*See generally* Mem. Op. 7 (explaining why *Stern* and *Moses* render these claims non-core).)  Therefore, it cannot be reasonably disputed that the claims *in this case* remain non-core.  Accordingly, the Levine Bankruptcy does not change the fact that the present claims are non-core.

---

[2] For example, if it was Plaintiff who wanted to arbitrate and Defendants who opposed arbitration, it would clearly be rank gamesmanship for Mr. Levine to declare bankruptcy and then claim that his bankruptcy transformed this lawsuit into an unarbitrable core proceeding.  And if such an argument would be faulty when a defendant makes it, it should be equally impermissible when a plaintiff makes it.

## II. The Levine Bankruptcy Does Not Alter the Fact that These Claims Do Not Meet the Strict Standards to Deny Arbitration of Non-Core Claims

Under *Moses*, a bankruptcy court generally lacks discretion to deny arbitration of non-core matters. 781 F.3d at 84-85 (Gregory, J., concurring) (noting that such discretion is "necessarily narrow").[3] "[T]he refusal to send a non-core claim to arbitration requires more than a finding that arbitration would potentially conflict with the purposes of the Bankruptcy Code. Rather, the conflict must be inherent and 'sufficient to override by implication the presumption in favor of arbitration.'" *Id.* at 88 (quoting *U.S. Lines, Inc. v. Am. Steamship Owners Mut. Prot. & Indemnity Ass'n*, 197 F.3d 631, 640 (2d Cir. 1999)); *see also Rescue Rangers*, 582 B.R. at 679 (applying *Moses*) ("Having found no overriding Congressional intention to override the Federal Arbitration Act in this situation, the Arbitration Provision must govern."). Thus, in order to evade the arbitration clause that it signed, Plaintiff must establish that arbitration in this case would create an inherent conflict with the purposes of the Bankruptcy Code that is severe enough to override the presumption in favor of arbitration.[4]

---

[3] *Moses* was a divided case where the court's per curiam opinion was conclusory. *See id.* at 65-66 (per curiam). Of the two judges who voted in the majority on this issue, only Judge Gregory explained his reasoning. *Compare id.* at 82-88 (Gregory, J., concurring) (discussing this issue at length) *with id.* at 93 (Davis, S.J., concurring) (merely observing that arbitration "would not substantially interfere with [the debtor's] ability to reorganize"). As a result, courts rely on Judge Gregory's opinion in applying *Moses*. *See Midland Funding LLC v. Thomas*, 606 B.R. 687, 693-94 (W.D. Va. Bankr. 2019); *In re Taylor*, 594 B.R. 643, 651-52 (E.D. Va. Bankr. 2018); *In re Rescue Rangers, LLC*, 582 B.R. 669, 679 (E.D. Va. Bankr. 2018). This Court also relied on Judge Gregory's opinion in its earlier memorandum. (*See* Mem. Op. 5-6.)

[4] Notably, even when such a conflict exists (none exists here), this does not bar arbitration, but merely gives the bankruptcy court discretion to choose whether to require arbitration. *See In re Touchstone Home Health LLC*, 572 B.R. 255, 275 (D. Bankr. Colo. 2017) (quoting *Moses*, 781 F.3d at 71) ("[E]ven if the opponent of arbitration establishes an 'inherent conflict' between the FAA and the Bankruptcy Code in a specific case, the bankruptcy court still has the discretion to compel arbitration."). Thus, even if Plaintiff could establish that such a conflict existed (Plaintiff cannot establish this), the Court would still have discretion to decide whether to allow arbitration.

In this analysis, it is helpful to bear in mind what sort of issues do ***not*** give rise to such a conflict:

- "[T]he fact that [arbitrated and non-arbitrated] claims may share a question does not mean that arbitrating one of them will pose an inherent conflict with the efficient reorganization of a debtor's estate." *Moses*, 781 F.3d at 85.

- Arbitration does not create meaningful "potential inefficiency and delay" because both non-core claims decided by a bankruptcy court and claims decided by an arbitrator are ultimately subject to review by the district court. *Id.*

- "[T]he mere possibility of generic litigation-related exigencies, inherent in the act of litigating in another forum, cannot justify the refusal to arbitrate a non-core claim." *Id.* at 86.

- "[C]entralization is not, in and of itself, a valid reason to deny arbitration." *Id.*

- Finally, a refusal to arbitrate cannot be justified by the fact that the "estate could be enriched or depleted as a result of litigation." *Id.* at 87. "[A]ny such results are simply too attenuated, and indeed extrinsic to the bankruptcy, to constitute an 'inherent conflict' with the Bankruptcy Code's purpose of facilitating an efficient reorganization." *Id.* at 82.

In light of this precedent, it is clear that the claims in the Levine Bankruptcy provide no reason to deny arbitration. At the March 10, 2020 hearing, Plaintiff argued that the Bankruptcy Court was a better forum for these issues because Mr. Levine and Geostellar are both in bankruptcy. Needless to say, this argument fails under *Moses*: In *Moses*, the Fourth Circuit held that even where an arbitrable claim was filed in the same case as a claim that needed to remain in the bankruptcy court, the pendency of the latter claim in the bankruptcy court could not justify the

6

refusal to submit the arbitrable claim to arbitration. 781 F.3d at 66. If the presence of a non-arbitrable claim in the same case does not render a non-core claim non-arbitrable, then the presence of claims in a different case certainly cannot warrant denying arbitration.

Moreover, it is unclear at this point whether Plaintiff's claims will even be litigated in the Levine Bankruptcy case: It is possible that the Levine Bankruptcy will be a no-asset case in which Plaintiff's claims are irrelevant, or that Mr. Levine will otherwise decide to not contest Plaintiff's claims in that case. It is even possible that the claims in the Levine Bankruptcy will be referred to arbitration. At this point, it is speculative what, if anything, will be done on Plaintiff's related claims in the Levine Bankruptcy.

But even if the claims in the Levine Bankruptcy do proceed on the merits, and even if the Court eventually decides that a conflict exists, it "may simply stay arbitration proceedings for some brief period until it has ruled on the underlying . . . claim." *Id.* at 86 (holding that this is a viable option even where the related claims are core claims in the same case). Thus, even if we allow Plaintiff the benefit of every speculation, the Levine Bankruptcy does not even come close to creating the sort of "inherent conflict" that is required to avoid arbitration.

## **CONCLUSION**

Regardless of whether the proofs of claim filed in the Levine Bankruptcy are core to that case, it is clear that Plaintiff's claims *in this case* are not core to that separate action. Nor does the mere existence of the Levine Bankruptcy claims somehow transmogrify the claims in this case from a non-core part of this case to core. As a result, the claims *in this case* remain non-core claims regardless of what may become of similar claims in a different case.

Cases in which a bankruptcy court has discretion to deny arbitration of non-core claims are rare indeed. Such a denial "requires more than a finding that arbitration would potentially conflict

with the purposes of the Bankruptcy Code." *Moses*, 781 F.3d at 88 (Gregory, J., concurring) "Rather, the conflict must be inherent and 'sufficient to override by implication the presumption in favor of arbitration.'" *Id.* (quoting *U.S. Lines*, 197 F.3d at 640). These narrow circumstances do not include the mere existence of similar claims in a separate case. While Plaintiff might speculate regarding what course the Levine Bankruptcy might take, this speculation changes nothing. Moreover, even if it were hypothetically possible for the Levine Bankruptcy to evolve in a direction that might counsel against arbitration, this mere "potential conflict" does not provide a permissible basis for denying arbitration, especially where the Court can always stay arbitration should such a conflict arise in the future. Thus, regardless of what might happen in the Levine Bankruptcy, *Moses* requires Plaintiff's claims in this case to be arbitrated.[5]

Dated: March 31, 2020

Respectfully submitted,

**DAVID A. LEVINE**
**INDECO UNION**

*By Counsel*

*/s/* Cortland C. Putbrese
Cortland C. Putbrese (WV Bar No. 7780)
Dunlap Bennett & Ludwig PLLC
8003 Franklin Farms Drive, Ste. 220
Richmond, Virginia 23229
(804) 977-2688 (t)
(804) 977-2680 (f)
cputbrese@dbllawyers.com
*Counsel for Defendants*

---

[5] Additionally, even if the Court were to deny arbitration (it should not), Plaintiff's claims should be dismissed for the other reasons stated in Defendants' motion.

8

**CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of March 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF filing system, which will automatically notify all registered counsel of record.

                                                */s/* Cortland C. Putbrese
                                                Cortland C. Putbrese (WV Bar No. 7780)
                                                Dunlap Bennett & Ludwig PLLC
                                                8003 Franklin Farms Drive, Ste. 220
                                                Richmond, Virginia 23229
                                                (804) 977-2688 (t)
                                                (804) 977-2680 (f)
                                                cputbrese@dbllawyers.com
                                                *Counsel for Defendants*